IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD E. REIMAN,
#B89406,

        Plaintiff,

v.

JON FATHEREE, and
MR. GOLDER,

        Defendants.

Case No. 19-cv-01152-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Richard Reiman, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that he has been denied good time credits and seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Reiman alleges that he was placed on a waiting list for a position in the industry

work program, but others who were below him on the list were placed in the program before him. (Doc. 1, p. 4). Because he remained on the waiting list to be hired in the industry program, he was not able to acquire good time credits during that time. (*Id.*).

## DISCUSSION

The Court finds that Reiman's Complaint, as currently drafted, fails to state a claim upon which relief may be granted. Reiman identifies Warden Jon Fatheree and Mr. Golder as defendants in the case caption, but he does not describe how either defendant violated his constitutional rights. In fact, neither defendant is referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Reiman has failed to associate his claims with any of the named defendants, the Complaint will be dismissed.

In light of these deficiencies, the Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Reiman must file an amended complaint describing ***how*** defendants, named as a party in the case caption, violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

## MOTION FOR APPOINTMENT OF COUNSEL

Reiman has filed a Motion for Appointment of Counsel (Doc. 3), which is **DENIED**.[1] Reiman appears to have made reasonable efforts to obtain counsel on his own and has submitted two letters from attorneys declining representation and copies of four more letters mailed to attorneys. (*See* Doc. 10, pp. 8-12). With respect to his ability to pursue this action *pro se,* Reiman does not include any information on why he is unable to represent himself. The Court, therefore, finds that Reiman can proceed *pro se,* at least for now. His pleadings demonstrate an ability to construct coherent sentences and relay information to the Court, and he appears competent to try this matter without representation at this early stage.

## MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

Because Reiman has been granted pauper status (Doc. 8) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

## DISPOSITION

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim for relief.

Reiman is **GRANTED** leave to file a "First Amended Complaint" on or before **March 24, 2020**. Should Reiman fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to

---

[1] In evaluating Reiman's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Reiman's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Reiman use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01152-NJR). To enable Reiman to comply with this Order, the **CLERK** is **DIRECTED** to mail Reiman a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Reiman must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Reiman is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Reiman files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Reiman is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in

dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 18, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**