IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD E. REIMAN, #B89406, <br><br>  Plaintiff, <br><br> v. <br><br> MR. GOLDER, <br><br>  Defendant. | Case No. 19-cv-01152-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Richard Reiman, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that he has been denied good time credits as a result of not being given an industry job position. He seeks the award of good time credits he would have received if proper hiring procedures had been used and for the Court to order IDOC to create hiring procedures that are free from discriminatory practices. (Doc. 15, p. 8). In the alternative, he asks for monetary damages. (*Id.*).

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

First Amended Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Reiman alleges that the industry supervisor, Mr. Golder, created a waiting list for potential employees of industry jobs. (Doc. 15). When selecting inmates for an industry job, Mr. Golder continually skipped Reiman and hired others who were below him on the waiting list. Inmates in the industry job positions are given good time credits, which lessens time spent incarcerated. If Reiman is granted an industry job, he would be awarded good time credits and qualify for mandatory supervised release sooner. (*Id.*).

## PRELIMINARY DISMISSAL

In general, "state prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices," must seek relief via a habeas corpus petition, "because they contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997)). Accordingly, to the extent Reiman is attacking the length of his sentence and seeks the application of additional good time credits, these claims are dismissed without prejudice as improperly brought under Section 1983.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the claims in this case into the following three Counts:

**Count 1:** Fourteenth Amendment due process claim against Golder for denying Reiman a job assignment and the ability to earn good time credits.

**Count 2:** Fourteenth Amendment equal protection claim against Golder for using discriminatory practices when hiring inmates for industry job positions.

**Count 3:** Illinois Constitutional civil rights claim against Golder for violating Reiman's right to be rehabilitated pursuant to Article 1, Section 11.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Count 1

Reiman claims that because Golder continually skipped his name on the industry job waiting list, Golder violated his liberty interest in a job assignment. (Doc. 15, p. 6). He also argues that because he is continually being denied job placement, he is unable to earn good time credits and lessen his sentence.

Prisoners do not have a "liberty interest in their jobs," *Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018), however, even if participation in the job gives an opportunity to reduce sentence time. *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 2011). *See also Zimmerman v. Tribble,* 226 F.3d 568, 571-72 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000); *Soule v. Potts,* 676 F. App'x 585, 586 (7th Cir. 2017) ("The Constitution does not give prisoners any substantive entitlements to prison

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

employment."). Therefore, there is no due process violation by not placing Reiman in an industry job.

## Count 2

Although not stated in the statement of claim, Reiman alleges in the section of the Amended Complaint listing Golder as a defendant that Golder used discriminatory procedures when hiring inmates for jobs. (Doc. 15, p. 1).

Although Reiman does not have a liberty or property interest in a prison job, he is not foreclosed from bringing an equal protection claim regarding job placement. *DeWalt*, 224 F.3d at 613. To state a claim for unconstitutional discrimination, Reiman must show "that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Here, Reiman merely states in conclusory fashion that Golder's process for hiring "was not kept free of discrimination[.]" This allegation is not sufficient for an equal protection claim." An inmate's subjective belief that he was unfairly treated, without more, does not state a viable equal protection claim." *Shelton v. Melvin*, No. 17-CV. 50045, 2017 WL 951241, at *5 (N.D. Ill. Mar. 10, 2017) (citing *Huebschen v. Dep't of Health and Soc. Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983). For these reasons, Count 2 is dismissed. The Court will allow Reiman a final opportunity to clarify his claim in an amended complaint.

## Count 3

Reiman claims that Golder violated his civil rights guaranteed by the Illinois Constitution, Article I, Section 11, which provides that "All penalties shall be determined

both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Because Counts 1 and 2 are dismissed and no federal question or diversity of citizenship remains in this lawsuit, the Court lacks subject matter jurisdiction to hear a state law claim. Accordingly, Count 3 is also dismissed.

### MOTION FOR RECRUITMENT OF COUNSEL

Reiman has filed a Second Motion for Recruitment of Counsel (Doc. 17).[2] In ruling on Reiman's previous motion for recruitment of counsel, the Court found that he had made reasonable efforts to retain counsel on his own. The Court determined, however, that he was competent to represent himself. Once again, Reiman has not stated or provided any information regarding why he is unable to proceed *pro se,* and his motion only consists of copies of letters to law firms that he had previously filed with the Court. Reiman continues to demonstrate that he can construct coherent sentences, communicate with the Court, and meet deadlines. Therefore, the recruitment of counsel is not warranted at this time, and the motion is denied.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim for relief. The Motion for Recruitment of Counsel (Doc. 17) is **DENIED without prejudice.**

Reiman is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 2, 2020**. Should Reiman fail to file a Second Amended Complaint within the allotted

---

[2] In evaluating Reiman's motion for recruitment of counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Reiman's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Reiman use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-01152-NJR). To enable Reiman to comply with this Order, the **CLERK** is **DIRECTED** to mail Reiman a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Reiman must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Reiman is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Reiman is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 5, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**