IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD E. REIMAN,
#B89406,

        Plaintiff,

v.

MR. GOLDER,

        Defendant.

Case No. 19-cv-01152-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Richard Reiman, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights arising from the denial of good time credits as a result of not being given an industry job position. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 14). Reiman filed a First Amended Complaint, which was also dismissed without prejudice. (Doc. 18). The Court granted Reiman a final opportunity to clarify his claims in an amended complaint. He was directed to file a Second Amended Complaint on or before June 2, 2020. Additionally, Reiman was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. (*Id.*).

    Reiman missed the deadline. More than a week has passed since it expired, and he has not requested an extension or filed an amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with

prejudice for failure to comply with a Court Order (Doc. 18) and for failure to prosecute. *See* FED. R. CIV. P. 41(b).

For these reasons, this action is **DISMISSED with prejudice**, based on Reiman's failure to comply with the Court's Order to file a Second Amended Complaint on or before June 2, 2020, (Doc. 18), and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Reiman's three allotted "strikes" within the meaning of § 1915(g).

Reiman is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Reiman wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Reiman must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Reiman may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e)

motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 22, 2020**

_s/ Nancy J. Rosenstengel_
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**
